UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POSTAL POLICE OFFICERS ASSOCIATION,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>*Defendants*. | Civil Action No. 20-2566 (CRC) |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S NOTICE OF RELATED CASES

Pursuant to Local Civil Rule 40.5(b)(2), Defendants, the United States Postal Service (the "Postal Service") and Louis DeJoy, in his official capacity as United States Postmaster General, respectfully submit the following objection to the Notice of Related Cases (ECF No. 9) submitted to this Court by Plaintiff the Postal Police Officers Association. Plaintiff purports to establish that this case is related to the cases captioned *State of New York v. Trump*, Civ. A. No. 20-2340 (EGS); *Vote Forward v. DeJoy*, Civ. A. No. 20-2405 (EGS); *Richardson v. Trump*, Civ. A. No. 20-2262 (EGS); and *NAACP v. U.S. Postal Service*, Civ. A. No. 20-2995 (EGS). However, Plaintiff is incorrect that this case is "related" to the aforementioned cases previously assigned to Judge Sullivan within the meaning of Local Civil Rule 40.5 because they "relate to common property" or "involve common issues of fact." ECF No. 9 at 2.

In the District of Columbia, the "general rule is that all new cases filed in this courthouse are randomly assigned in order to ensure greater public confidence in the integrity of the judicial process, guarantee fair and equal distribution of cases to all judges, avoid public perception or appearance of favoritism in assignments, and reduce opportunities for judge-shopping." *Dakota*

*Rural Action v. U.S. Dep't of Agric.*, Civ. A. No. 18-2852 (BAH), 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019) (internal quotation marks and alterations omitted).  "Scrupulous adherence to Local Rule 40.5 is important 'to avoid any appearance of judge-shopping or favoritism in assignments and to assure the public that cases were assigned on an impartial and neutral basis.'"  *Trump v. Comm. on Ways & Means, U.S. House of Representatives*, 391 F. Supp. 3d 93, 97 (D.D.C. 2019) (quoting *Tripp v. Exec. Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000)).

Civil cases "are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent."  LCvR 40.5(a)(3).  "The party requesting the related-case designation bears the burden of showing that the cases are related under Local Civil Rule 40.5."  *Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016).  "The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary."  *Dakota Rural Action*, 2019 WL 1440134, at *1.  In order to be "related" under the Local Civil Rules, Plaintiff's allegations in the instant case must "have a . . . substantial nexus with the central allegations in" *Richardson*, *Vote Forward*, *State of New York*, and *NAACP*.  *Tripp v. Exec. Office of the President*, 194 F.R.D. 340, 343 (D.D.C. 2000).  If "the overlap of any common issues of fact is quite minimal[,]" then that showing is "plainly insufficient to deem" that the two cases are related.  *Id.* (internal citation omitted).

Here, Plaintiff cannot meet its burden of showing that this case is "related" to the series of cases that have been assigned to Judge Sullivan. According to Plaintiff, the Notice of Related Cases and requested transfer were appropriate because this case "appear[s]" to "relate to common property" or "involve common issues of fact" with the series of cases assigned to Judge Sullivan.

2

ECF No. 9 at 2.  Plaintiff apparently takes the position that this case is "related" to the previous suits against the Postal Service because, in their view, both cases involve management decisions made by the Postal Service, and the "common property" in question is the entire United States Postal Service mailstream.  The connections between these cases are superficial, and there are no actual common issues of *fact* shared between this case and the cases assigned to Judge Sullivan. *See G.Y.J.P. v. Wolf*, Civ. A. No. 20-1511 (TNM), 2020 WL 4192490, at *2 (D.D.C. July 21, 2020) ("Each Plaintiff has *similar* stories, but they are factually distinct.  And these distinctions will likely matter when the Court considers each case on the merits.").

Plaintiff's lawsuit has nothing to do with the ability of Americans to cast their ballot by mail, nor does it concern "timely delivery . . . of the mails."  ECF No. 9 at 1.  Rather, Plaintiff's case specifically concerns Postal Service management's interpretation of the statutory authority of Postal Police Officers ("PPOs") to engage in off-property duties.  As explained in Defendants' Motion to Dismiss Plaintiff's Complaint and Opposition to Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction, this dispute about the authority of PPOs to engage in patrols outside of Postal Service-controlled real property is an issue on which the parties have long disagreed, and which began well before Postmaster General Louis DeJoy took office.

Thus, Plaintiff's attempt to liken its case to lawsuits challenging postal operational changes (such as removing outdated mail processing equipment) that purportedly impeded the Postal Service's ability to efficiently process ballots fails.  The injunction that Plaintiff seeks in this case would do nothing to improve operational efficiencies; it would simply cause the Postal Service's Inspection Service to rescind a management communication that commanded field PPO managers to obtain Headquarters approval before assigning PPOs to off-property duties, consistent with the Postal Service's statutory interpretation of PPO jurisdiction.  The proposed injunction would not

have any bearing on the purportedly related cases assigned to Judge Sullivan. That Plaintiff in this case likewise seeks "injunctive relief" against the Postal Service, ECF No. 9 at 1, is of no moment—if that were the standard as to whether cases were "related" within the meaning of Local Civil Rule 40.5, then all cases in which a plaintiff filed a motion for a preliminary injunction would be related—*i.e.*, plaintiffs could control how matters are assigned, and the entire purpose behind the Local Civil Rule would be undermined.

For these reasons, Defendants object to Plaintiff's Notice of Related Cases and urge that this matter remain assigned to Judge Cooper.

Dated: September 30, 2020           Respectfully submitted,

                                    MICHAEL R. SHERWIN
                                    Acting United States Attorney

                                    DANIEL F. VAN HORN, D.C. Bar #924092
                                    Chief, Civil Division

                                By: */s/ Katherine B. Palmer-Ball*
                                    KATHERINE B. PALMER-BALL
                                    D.C. Bar #1014003
                                    Assistant United States Attorney
                                    555 Fourth Street, N.W.
                                    Washington, D.C. 20530
                                    Phone: (202) 252-2537
                                    katherine.palmer-ball@usdoj.gov

                                    *Counsel for Defendants*